UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS WAYNE VITUCCI, THE ESTATE OF JERRY VITUCCI AKA GEROLOMO VITUCCI (including his successors and assigns), DONIKA MEJTOJA,<br><br>                              Plaintiffs,<br><br>                    -against-<br><br>HOOSHMAND RADPARVAR AKA HOSHI RAD; MEHRAK RADPARVAR, MEHRAK LLC, CARLOS GONZALES, ESQ.,<br><br>                              Defendants. | 21 Civ. 6657 (LGS)<br><br>**<u>ORDER OF DISMISSAL</u>** |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff Nicholas Wayne Vitucci, who appears pro se, asserts his own claims, as well as

claims on behalf of the estate of his deceased father ("the Estate"), Gerolomo Vitucci ("Jerry

Vitucci"), and Donika Mejtoja, who appears to be Jerry Vitucci's daughter and Plaintiff Nicholas

Wayne Vitucci's sister.[1]  Plaintiff purports to assert claims under the Court's federal-question

jurisdiction.  He sues: (1) Hooshmand Radparvar ("Hoshi Rad"); (2) Mehrak Radparvar;

(3) Mehrak LLC; and (4) Carlos Gonzales, Esq.  In addition to damages, Plaintiff asks this Court

to: (1) return ownership of half of the real property located at 2315 Demeyer Street, Bronx, New

York ("the property"), to him and Mejtoja as the heirs of Jerry Vitucci; (2) dissolve Mehrak LLC,

the current owner of the property; and (3) order that "the deed [for the property] be placed in the

name of both [the Vitucci and Radparvar] families until [property] is sold and the funds

equally distributed between the families."

---

[1] Plaintiff Nicholas Wayne Vitucci is the only plaintiff to have signed the complaint. The Court therefore understands that Plaintiff Nicholas Wayne Vitucci is asserting claims in this action on behalf of the Estate as well as Mejtoja. The Court will therefore refer to Plaintiff Nicholas Wayne Vitucci as the sole plaintiff in this action.

Plaintiff has paid the relevant fees to bring this action.  For the reasons set forth below, the Court dismisses this action.

## I.      STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees if the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *DeVito Verdi, Inc. v. Legal Sea Foods, Inc.* 21 Civ. 1007, 2021 WL 1600088 (S.D.N.Y. 2021).  The Court is obliged, however, to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## II.     BACKGROUND

Plaintiff asserts that the grounds for the Court's federal-question jurisdiction to consider this action are: "Real Estate Fraud, Fraud aka Foreclosure rescue scheme, Loan modification scheme, Embezzlement of Rents, [and] falsified court information regarding heirs to property." Plaintiff alleges the following:

> Hoshi Rad invested 200,000 with a promissory note in 2005 for a partial investment in [Plaintiff's] family's property [at] 2315 Demeyer Street; Mr. Rad used this note to blackmail [Jerry Vitucci] into giving him half ownership title in this property. . . . Rad [u]sed the promissory note to [also] blackmail [Jerry Vitucci] by stopping the construction loan we were about to close on to continue to build . . . the second home[,] 2315B Demeyer Street. (The property . . . was subdivided prior to Mr. Rad being placed on the deed)[.] Mr. Rad continued to interfere with the new building construction (2315B) and caused unnecessary havoc along with his daughter[,] Mehrak Radparvar[,] resulting in over a 2-year build time (extra year).

Rad and Radparvar prevented Plaintiff from entering the property by attacking him and having him arrested.  Plaintiff was then falsely arrested eight additional times "due to violation[s] of

2

orders of protection."  But "after 3 years in criminal court, [Plaintiff] was found innocent of all charges and received an apology from the 49th [P]recinct for [the] false arrests."

An agreement reached by arbitration allowed Rad "to collect rents until he could buy [the property] outright with his own mortgage."  During the effective period of the arbitrated agreement, Jerry Vitucci allowed Rad "to collect rents and [he] only needed to pay [Jerry Vitucci's] mortgage."  But Rad "kept every cent from March 2010 until fraud occurred and the mortgage was removed in September 2019.  The amount of funds collected for rents exceed [$]800,000.00. . . . [The] [h]arm is [the] loss of [Jerry] Vitucci's credit standing and not being able to refinance the construction loan."

As a result of a court proceeding that took place in September 2019, Rad and Radparvar were granted full ownership of the property.  On the same date as that proceeding, Carlos Gonzales, an attorney representing Rad and Radparvar, in another court proceeding, persuaded a judge to take Jerry Vitucci, who was then deceased, as well as his surviving children, "off the deed."  Plaintiff alleges that this was "fraud…[and] nothing more th[a]n a deliberate attempt to have his clients own [the] property by illegally obtaining [ownership]."  Neither Plaintiff nor Mejtoja were informed of Gonzales's appearance before that judge.  Gonzales's "malfeasance caused [Plaintiff's] family home to be illegally obtained by" Rad and Radparvar.

After the court granted ownership of the property to Rad and Radparvar, they created Mehrak LLC, and transferred ownership of the property to Mehrak LLC.  This was done "[t]o safeguard it from any lawsuits that would come after the facts of this fraud were found out. Harm is loss of [the] property by illegal means."

### III.     DISCUSSION

#### A.     Plaintiff's Claims on Behalf of Mejtoja and the Estate

Plaintiff, proceeding pro se, brings claims on his behalf, as well as on behalf of Mejtoja and the Estate.  His claims on behalf of Mejtoja and the Estate are dismissed because he is proceeding pro se.

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself."  *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted).  And "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.  A person must be litigating an interest personal to him."  *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).  In circumstances "whe[re] the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* on behalf of the estate, []he is in fact appearing solely on [his] own behalf, because []he is the only party affected by the disposition of the suit."  *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)).  This is because "the assignment of the sole beneficiary's claims to a paper entity -- the estate -- rather than to the beneficiary h[im]self, is only a legal fiction."  *Id.* (citing *Guest*, 603 F.3d at 21).  But "[w]here there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings.'"  *Guest*, 603 F.3d at 20 (quoting *Iannaccone*, 142 F.3d at 559).

Plaintiff, who does not allege that he is an attorney, cannot assert claims on behalf of Mejtoja.  And because he does not allege that he is the sole beneficiary of the Estate, Plaintiff cannot assert claims on behalf of the Estate.  Plaintiff may only assert claims on behalf of

himself.  Accordingly, the Court dismisses Plaintiff's claims that he asserts on behalf of Mejtoja and the Estate without prejudice.  To be sure, these claims would also be dismissed for lack of subject-matter jurisdiction, which is discussed below.

### B.      Subject-matter Jurisdiction

Plaintiff's claims are dismissed for lack of subject-matter jurisdiction.  The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. § 1331 and § 1332.  Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented, *see* 28 U.S.C. § 1331, or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.      Federal-question Jurisdiction

The Court lacks federal-question jurisdiction over Plaintiff's claims.  To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (internal quotation marks omitted).  Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former.") (citation omitted).

Although Plaintiff invokes federal law, he alleges no facts suggesting that any of his claims arise under federal law.  Rather, Plaintiff's claims arise from a dispute over ownership of property, which is a matter of state law.  *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 385 (2d Cir. 2021) ("[S]tate law often defines the legal relationships between people and things, which are necessary to understanding whether a particular plaintiff has suffered an injury in fact.  A simple example of this is property ownership, which is . . . an issue of state law.").  Thus, this Court lacks federal-question jurisdiction to consider Plaintiff's claims.

### 2.     Diversity Jurisdiction

The Court also lacks diversity jurisdiction over the case.  To establish the Court's diversity jurisdiction, a plaintiff must show that (1) he and the defendants are citizens of different states, s*ee* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State.") and (2) the amount in controversy exceeds $75,000.  For

diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). And "a limited liability company [ -- an 'LLC,' such as Mehrak LLC --] . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citations omitted).

Plaintiff is a citizen of State of New York. Plaintiff alleges that he and all of the defendants are citizens of the State of New York. The parties are therefore not diverse, and the Court thus lacks diversity jurisdiction to consider Plaintiff's claims. Accordingly, the Court dismisses Plaintiff's claims for lack of subject-matter jurisdiction.

### 3.    The *Rooker-Feldman* Doctrine

Some of Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine. Under this doctrine, which was created by two decisions of the Supreme Court of the United States, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983), federal district courts lack subject-matter jurisdiction to review final orders and judgments of the state courts, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments. . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases.").

7

To the extent that Plaintiff seeks to have this Court invalidate a final decision of a state court granting Rad and Radparvar full ownership of the property, such claims run afoul of the *Rooker-Feldman* doctrine and must be dismissed for that reason.

### C.      The Court Denies Plaintiff Leave to Amend

Generally, a court should not dismiss a pro se complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)).  But a court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *see also Shapiro*, 577 U.S. at 44-46 (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Because granting Plaintiff leave to amend would be futile, the Court denies Plaintiff leave to file an amended complaint.

## IV.     CONCLUSION

The Court dismisses this action.  The Court dismisses Plaintiff Nicholas Wayne Vitucci's claims that he asserts on behalf of the Estate of Jerry Vitucci as well as Donika Mejtoja without prejudice.  The Court dismisses Plaintiff Nicholas Wayne Vitucci's own claims without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff Nicholas Wayne Vitucci has consented to electronic service of court documents.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


Dated:   September 7, 2021
         New York, New York

                                      **LORNA G. SCHOFIELD**
                                   **UNITED STATES DISTRICT JUDGE**

9